IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA D. BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-1261-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Brenda Bailey seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand the SSA's decision.[1]

I.    BACKGROUND

Ms. Bailey applied for insurance benefits and supplemental security income based on an alleged disability. Administrative Record at pp. 60-62 (certified Feb. 9, 2007) ("Rec."). The SSA denied relief initially and on reconsideration. *Id.* at pp. 35-36. A hearing took place,[2] and the administrative law judge found that the Plaintiff was not disabled in light of her ability to perform other work in the national economy.[3] The Appeals Council declined

---

[1]   The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (Nov. 16, 2006).

[2]   *See* Rec. at pp. 415-45.

[3]   Rec. at pp. 15-22.

jurisdiction,[4] and the present action followed. In part, Ms. Bailey alleges legal error in the consideration of a treating physician's opinion.[5]

II.   STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

III.   CONSIDERATION OF THE TREATING PHYSICIAN'S RULE

As Ms. Bailey argues, the judge erred in his consideration of Dr. David Flesher's opinions.

A.   Duty to Consider and Explain a Treating Physician's Opinions

An administrative law judge must follow a specific process when he assesses a treating physician's opinion. First, the judge must determine whether the opinion qualifies for controlling weight. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per*

---

[4]   Rec. at pp. 7-9.

[5]   Ms. Bailey also presents other claims involving erroneous consideration of another doctor's opinions and a lack of substantial evidence for the administrative law judge's assessment of residual functional capacity ("RFC"). The Court need not address these issues because reversal is necessary on other grounds.

*curiam*). This evaluation entails a determination of whether the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). If not, the inquiry ends. *See id.* But if the opinion is well-supported, the judge must confirm that the opinion is consistent with other substantial evidence in the record. *See id.* If the opinion is deficient, it is not entitled to controlling weight. *See id.* At that point, the administrative law judge must weigh the opinion based on multiple factors[6] and "give good reasons" for the weight assigned to the opinion. *Id.* The judge may reject a treating source's opinion outright only on the basis of contradictory medical evidence. *See id.* If the judge rejects the opinion completely, he must give "'specific, legitimate reasons.'" *Id.* (citation omitted).

    B.    <u>Dr. Flesher's Opinions</u>

Dr. Flesher provided orthopedic care from September 2001 to July 2002. Rec. at pp. 255-91. During this period, the physician performed arthroscopic surgery on the right

---

[6]    These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

*Robinson v. Barnhart*, 366 F.3d at 1082 (citing 20 C.F.R. § 404.1527 & Social Security Ruling 96-2p).

shoulder[7] and released the Plaintiff from care with the following permanent work restrictions:

- the ability to lift, carry, push, or pull a maximum of fifteen pounds, and
- the inability to engage in reaching or overhead work.[8]

In his summary of the evidence, the administrative law judge acknowledged the assessment and incorporated Dr. Flesher's restrictions on lifting and carrying in the RFC findings. *Id.* at p. 18. But the RFC findings did not reflect the limitations on pushing, pulling, reaching, or overhead work, and the judge did not discuss Dr. Flesher's opinion about these restrictions. The omissions constituted reversible error.

The Tenth Circuit Court of Appeals addressed a similar issue in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). There an examining doctor assessed the plaintiff's mental RFC. *See Haga v. Astrue*, 482 F.3d at 1207. The administrative law judge adopted some of the doctor's conclusions, but failed to mention others. *See id.* The Tenth Circuit Court of Appeals concluded that the administrative law judge had committed reversible error, stating:

> We therefore agree that the [administrative law judge] should have explained why he rejected four of the moderate restrictions on [the physician's] RFC assessment while appearing to adopt the others. An [administrative law judge] is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.

*Id.* at 1208 (citation omitted).

---

[7]   *See* Rec. at pp. 267-68.

[8]   Rec. at p. 256.

*Haga* compels reversal and remand. The administrative law judge adopted some of Dr. Flesher's restrictions, but disregarded others without any explanation. In *Haga*, the Tenth Circuit Court of Appeals held that such selectivity constitutes reversible error. The same is true here. *See Confere v. Astrue*, 2007 WL 1196520, Westlaw op. at 2-3 (10th Cir. Apr. 24, 2007) (unpublished op.) (reversing under *Haga* when the administrative law judge's RFC assessment included some of the limitations identified by two doctors, but omitted others without any explanation).

The Commissioner argues that the error was harmless because:

- the judge had relied on other evidence regarding the absence of muscle atrophy in the right shoulder, video surveillance showing activity without apparent pain in the right upper extremity, and a negative MRI scan; and

- Dr. Flesher's opinions had preceded Ms. Bailey's onset date by six weeks.

These arguments are not persuasive.

The Defendant's first argument is invalid. The error was harmless only if the Court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). The Court cannot confidently draw such a conclusion.

Dr. Flesher found permanent restrictions in the Plaintiff's ability to push or pull more than fifteen pounds or to engage in reaching or overhead work. Rec. at p. 256; *see supra* pp. 3-4. This assessment was supported by the Plaintiff's account of her limitations. For example, in her report, the Plaintiff stated that she could not engage in any reaching. Rec.

at p. 101.  Similarly, at the hearing, Ms. Bailey described sharp pain in her right shoulder[9] and stated that she had severe restrictions involving pushing, pulling, and reaching.[10]

As the Defendant points out, the administrative law judge could have discounted this assessment by relying on other evidence.  But the administrative law judge never discussed Dr. Flesher's assessment.  As a result, no one except the administrative law judge could know whether he would have reached the same RFC findings if he had considered Dr. Flesher's assessment.

The Defendant's second argument is invalid as a matter of law.  In this circuit, the judge was obligated to consider Dr. Flesher's opinions even though it had preceded the onset date.[11]  Thus, the timing of the opinions could not render the omission harmless.

The Tenth Circuit Court of Appeals addressed a similar issue in *Lackey v. Barnhart*, 127 Fed. Appx. 455 (10th Cir. Apr. 5, 2005) (unpublished op.).  There a doctor examined the plaintiff before the alleged onset date and found some limitations believed to be permanent.

---

[9]     Rec. at pp. 424-25.

[10]    Rec. at pp. 430-31.

[11]    *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("even if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the [administrative law judge]" (citations omitted)); *Lackey v. Barnhart*, 127 Fed. Appx. 455, 458 (10th Cir. Apr. 5, 2005) (unpublished op.) ("No authority is cited for the proposition that medical reports prior to the operative onset date are categorically irrelevant and, indeed, our precedent is to the contrary." (citation omitted)); *see also* 20 C.F.R. §§ 404.1512(d), 416.912(d) (2006) (generally requiring the SSA to develop the claimant's medical record for "at least the 12 months preceding the month in which [the claimant files her] application").

*See Lackey v. Barnhart*, 127 Fed. Appx. at 456.  The administrative law judge failed to mention the opinions, and the Tenth Circuit Court of Appeals held that the omission constituted error.  *Id*. at 458.  The Commissioner argued that the omission did not require reversal because the physician had expressed the opinion before the alleged onset date.  *See id*.  The federal appeals court rejected the argument, pointing out that reports preceding the onset date are considered material and that the examining doctor had regarded the limitations as permanent.  *Id*.; *see supra* note 11.  Thus, consideration of the examining doctor's report could have affected the administrative law judge's assessment of the remaining evidence.  *Lackey v. Barnhart*, 127 Fed. Appx. at 458-59.  Viewed in this light, the error could not be considered harmless, as the Tenth Circuit Court of Appeals explained:

> Nor do we see "the right exceptional circumstance" here for a harmless error approach: we cannot "confidently say that no reasonable administrative factfinder," properly considering the materials from [the examining doctor] in conjunction with the rest of the record, "could have resolved [the case] in any other way" than the [administrative law judge] did by neglecting those materials.

*Id*. at 459 (citation omitted).

This decision is persuasive here.  *See* Tenth Cir. R. 32.1(A).  The administrative law judge did not consider some of the limitations found by Dr. Flesher.  Although the limitations were found prior to the alleged onset date, they were regarded as "permanent" by the doctor and considered relevant as a matter of law.  At a minimum, consideration of Dr. Flesher's opinions could have led the administrative law judge to credit the Plaintiff's testimony and find limitations involving overhead work, reaching, pushing, or pulling.

...

For both reasons, the error was not harmless and reversal is necessary.

IV.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is September 10, 2007. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

V.    STATUS OF THE REFERRAL

The referral is terminated.

Entered this 21st day of August, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge